UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYANT K. JONES | CIVIL ACTION |
| VERSUS | NO. 22-1163 |
| WARDEN HEATH MARTIN, ET AL. | SECTION "E" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Bryant K. Jones filed this complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     BACKGROUND**

Jones filed his complaint in the United States District Court for the Middle District of Louisiana on the form reserved by that court for prisoner § 1983 actions. ECF No. 1. His mailing address indicates that he was not in jail when his complaint was filed. ECF No. 1-1. The matter was transferred to this court on April 28, 2022. ECF No. 5. Jones named Tangipahoa Parish Jail ("TPJ") Warden Heath Martin, Tangipahoa Parish Sheriff Daniel Edwards, and the Parish of Tangipahoa as defendants. ECF No. 1, at 1.

**A.     Factual Allegations in the Complaints (ECF No. 1)**

Jones alleges that he entered TPJ on December 17, 2021, on a failure to appear warrant and was placed in unit B-1 for 14 days. *Id*., ¶IV, at 4. He claims that while there, he was exposed to COVID-19 and black mold which made him sick. When he was released from jail, he went to the

North Oaks Hospital where he tested positive for COVID-19. He seeks an award of $6 million because he was not protected from COVID-19. *Id*.; *id*., ¶V, at 5.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening of Non-Prisoner Complaints

The statute allowing plaintiff to proceed as a pauper also requires the court to screen a pauper's complaint and dismiss it without service of process at any time the court makes a determination of frivolousness. Title 28, Section 1915(e)(2)(B) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal-
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

In cases in which a plaintiff seeks to proceed without the payment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss in forma pauperis complaints if satisfied that the claims asserted are frivolous or malicious.[1] This statute, 28 U.S.C. § 1915(e)(2)(B), applies equally to prisoner as well as nonprisoner *in forma pauperis* cases.[2]

---

[1] See former 28 U.S.C. § 1915(d), which was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996 ("PLRA").

[2] *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming dismissal of § 1983 action for failure to state a claim by non-prisoner, former detainee against state law enforcement personnel); *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)(§ 1915 as amended changed cases brought by prisoners and in some respects for all indigent litigants); *see also*, *Mazzaglia v. New Hampshire*, No. 99-1997, 2000 WL 979971 at *1 (1st Cir. June 23, 2000)( "[i]f plaintiff was a prisoner, then 28 U.S.C. § 1915A would have governed; if he was not, then § 1915(e)(2)(B) would have applied."); *McLean v. Caldwell County Sheriff's Dept.*, No. 99-2005, 1999 WL 796420, at *1 (4th Cir. Oct.16, 1999).

In addition to the authorities set forth in 28 U.S.C. § 1915, "[t]he district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'"[3] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[4] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[5]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[6] Thus, the court should assume the veracity of all well-pleaded allegations and view them in the light most favorable to the plaintiff and then determine whether they plausibly give rise to an entitlement to relief.'"[7]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[8] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and

---

[3] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quotation and citation omitted).
[4] *Walch v. Adjutant Gen.'s Dept.*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[5] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).
[6] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[7] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[8] *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992) (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

§1915(e).[9]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[10]

Under either provision, before a *sua sponte* dismissal, the court should provide the pro se plaintiff with notice and an opportunity to amend, unless the court finds that the plaintiff has alleged his best case.[11]  The court need not seek further factual development and should dismiss with prejudice when the complaint alleges plaintiff's best case.[12]  Plaintiff Jones is hereby placed on notice by this Report and Recommendation that the court is considering *sua sponte* dismissal of his claims without amendment.[13]  He will have adequate time to respond during the period for filing objections addressed below.

    **B.**    <u>**Required Elements of a § 1983 Claim**</u>

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

    (1)    deprivation of a right secured by the U.S. Constitution or federal law;

---

[9] *Id*.
[10] *Id*.
[11] *Bazrowx*, 136 F.3d at 1054 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982)).
[12] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citing *Jacquez*, 801 F.2d at 792); *Bazrowx*, 136 F.3d at 1054.
[13] *Id*. (citing *Moawad*, 673 F.2d at 851-52).
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

(2) that occurred under color of state law; and
(3) was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

## III. ANALYSIS

### A. Claims against Tangipahoa Parish

Plaintiff seeks to hold Tangipahoa Parish liable under 42 U.S.C. § 1983 apparently because he was housed in the parish jail. However, "municipalities cannot be held liable for constitutional torts under § 1983 'on a respondeat superior theory[.]'"[20] That is, "[t]here is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.'"[21] To assert liability under *Monell*, a plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."[22]

---

[16] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); accord *Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[20] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) (quoting *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 611, 691 (1978)).
[21] *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 691)); *Burge*, 187 F.3d at 470 (quoting *Monell*, 436 U.S. at 691); *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell*, 436 U.S. at 694).
[22] *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Jones has not alleged or identified any parish policy that caused him harm or led to his positive COVID-19 test. He instead merely complains that he was exposed to the COVID virus while in a jail within the Parish. The Parish cannot be held vicariously liable without a showing that a specific parish policy caused plaintiff some constitutional harm. Thus, Jones has failed to state a non-frivolous claim against Lafourche Parish. His claims against the Parish should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim.

### B.    No Claims Asserted Against the Warden or Sheriff

Jones named Warden Martin and Sheriff Edward as defendants in this case apparently because of their supervisory roles at or over the TPJ. An individual defendant can only be liable under § 1983 if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[23] Without an allegation of personal involvement, a supervisory official, like a sheriff or warden, cannot be held liable pursuant to § 1983 simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.[24] A plaintiff must instead establish that he suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by the sheriff to create a vicarious liability under § 1983.[25]

In this case, Jones has included no allegations about Warden Martin or Sheriff Edward to reflect that either supervisory official was involved in his placement in the prison or exposure to illness within the jail. Jones merely lists the Warden and the Sheriff as defendants without providing any factual basis for having done so. A plaintiff fails to state a claim under § 1983 when,

---

[23] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).
[24] *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").
[25] *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

as here, he has merely named a defendant but made no factual allegations against him.[26] Thus, Jones has not alleged that the Warden or Sheriff were responsible for his alleged illness or deliberately indifferent to a known risk of harm, which is a required element for Jones to state a § 1983 claim.[27] Accordingly, the claims against Warden Martin and Sheriff Edward are, therefore, frivolous and fail to state a claim for which relief may be granted under § 1983. Jones' claims should be dismissed pursuant to 28 U.S.C. § 1915(e).

### D. Claims of Indifference to Health or Safety

Even if Jones could identify a proper defendant answerable under § 1983, his claims of indifference to his health and safety are frivolous and fail to state a claim for which relief can be granted. The treatment a prisoner, whether pretrial or convicted, receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.[28] "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[29] In other words, the prison official must have a sufficiently culpable state of mind, one of "deliberate indifference" to inmate health or safety.[30] To find that an official is deliberately indifferent, it must be proven that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

---

[26] *See Ethridge v. Tanner*, No. 19-295, 2019 WL 5072089, at *9 (E.D. La. Sep. 19, 1999), *report and recommendation adopted by* 2019 WL 5067129, at *1 (E.D. La. Oct. 8, 2019) (citing *Hall v. Peck*, No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), *report and recommendation adopted by* 2017 WL 788354, at *1 (E.D. La. Feb. 23, 2017); *Reavis v. St. of Louisiana*, No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. Jun. 8, 2016), *report and recommendation adopted by* 2016 WL 3524139, at *1 (E.D. La. Jun. 28, 2016); *White v. Gusman*, No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014)).
[27] *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The "official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citation omitted).
[28] *Farmer*, 511 U.S. at 832.
[29] *Id*. at 847.
[30] *Id*.

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[31]

### 1. Exposure to Covid

Jones alleges that he tested positive for COVID-19 after leaving TPJ where he claims he was exposed to the virus and mold. As the Fifth Circuit has explained, the Constitution does not require prison officials to adopt government recommended COVID-19 guidelines or implement those guidelines to satisfy their duty to provide for inmate safety and care within prisons.[32] Instead, during the COVID-19 pandemic, courts have remained mindful that "[a] detention facility's protocols for isolating individuals, controlling the movement of its staff and detainees, and providing medical care are part and parcel of the conditions in which the facility maintains custody over detainees."[33]

Thus, to state a claim of intentional indifference with respect to COVID-19 in the jails, Jones would have to allege more than that the officials failed to comply with guideline recommendations or were negligent in protecting him from COVID-19. "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'"[34] Jones alleges only that he tested positive for COVID-19 at some point after he left the TPJ. He has not alleged or even suggested that a prison official intentionally exposed him to illness in the jail or that any official was intentionally indifferent to a known safety or health risk while he was in the jail.

---

[31] *Id*. at 837.
[32] *Valentine v. Collier*, 978 F.3d 154, 164 (5th Cir. 2020).
[33] *Sacal-Micha v. Longoria*, 449 F. Supp.3d 656, 663 (S.D. Tex. 2020).
[34] *Alderson v. Concordia Par. Corr'l Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citation and quotation marks omitted).

### 2. Exposure to Mold

Jones also asserted that there was mold in unit B-1 where he was housed for 14 days. The federal courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions."[35] The courts recognize that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences."[36] Thus, certain institutional problems such as dust, mold, and stale air do not amount to a constitutional violation.[37] Jones' has not stated a constitutional violation based on the allegation of the mere presence of mold in his unit.

Even assuming his alleged sickness was contracted in or associated with the conditions at TPJ, he has not asserted that the prison officials knew of a potential risk of serious harm to his person or intentionally ignored that risk. Thus, even with the presence of mold or black mold in the area to which he was assigned, he has not stated a constitutional violation.[38]

### 3. Summary

Jones' complaint fails to provide sufficient allegations to state a claim under § 1983 arising from his alleged exposure to mold and COVID-19 in the TPJ. His claims should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim for which relief can be granted.

---

[35] *Talib*, 138 F.3d at 215 (citing *Rhodes*, 452 U.S. at 349); accord *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).
[36] *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982).
[37] *See*, *e.g.*, *White v. Gusman*, No. 14-2131, 2014 WL 6065617, at *1 (E.D. La. Nov. 12, 2014); *Harrison v. Cox*, No. 12-1813, 2013 WL 620799, at *5 (W.D. La. Jan.16, 2013), *report and recommendation adopted by* 2013 WL 622399, at *1 (W.D. La. Feb. 15, 2013); *Clark v. Gusman*, No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), *report and recommendation adopted by* 2012 WL 1825302, at *1 (E.D. La. May 18, 2012).
[38] *Reynolds v. Newcomer*, No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a de minimis level of imposition with which the Constitution is not concerned" (quotation marks omitted)); *see McCarty v. McGee*, No. 06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) (claims that communal was polluted and covered in mold and fungus causing him to catch athlete's foot and ringworm failed assert a constitutional violation).

## IV. RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Bryant K. Jones's 42 U.S.C. § 1983 claims against defendants Warden Heath Martin, Sheriff Daniel Edwards, and the Parish of Tangipahoa be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) as frivolous and otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[39]

New Orleans, Louisiana, this 11th day of May, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[39] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.